# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 19-00394-01-CR-W-GAF |
| TAMANGO A. SIMMONS, | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

On July 29, 2021, counsel for Defendant Tamango Simmons filed a motion pursuant to 18 U.S.C. § 4241 for a determination of Defendant's mental competency to stand trial. Doc. 31. On August 2, 2021, the Court granted the motion. Doc. 33. The Court directed a psychological or psychiatric examination of Defendant be conducted and the report be filed with the Court pursuant to 18 U.S.C. § 4247(b). *Id*.

On December 15, 2021, the Court received a psychological report from David Szyhowski, Psy.D., who concluded Defendant "presently appears appropriate for continuation of criminal proceedings." Doc. 38.[1] The report summarized Defendant's psychological evaluation at the Metropolitan Correctional Center – Chicago and found Defendant's diagnoses were: malingering; antisocial personality disorder and methamphetamine use disorder, in partial remission, in a controlled environment. *Id*. During his evaluation, Defendant's mood was generally noted as "sad" with "irritability" when engaged in clinical contacts. *Id*. at 4. However, this presentation was "absent during times when he was not observed by psychology staff" and his phone

---

[1] A copy of the report was provided to and reviewed by counsel for Defendant and the Government.

conversations suggested "full range of affect and appropriate congruence between his expressed affect and the topic of conversation." *Id*.

Defendant "frequently attempted to display poor attention and concentration skills" during his evaluation but said behavior was "largely relegated to formal evaluation contacts and was not observed in other situations by other staff." *Id*. at 4-5. Further, Dr. Szyhowski noted "[d]espite his attempts to present as impaired with respect to his memory abilities," Defendant appeared to have "unimpaired recent and remote memory functions" and was "oriented to person, place, time, and situation." *Id*. at 5. Defendant's presentation of his history of visual and auditory hallucinations "during formal contacts for the evaluation gave the appearance that they were not genuine." *Id*.

Dr. Szyhowski also described a situation during Defendant's evaluation in which a note was found in his possession. *Id*. at 6-8. Specifically, this note "appeared to be directing [Defendant] on how to interact with [the] examiner in order to lead to an opinion that he was severely mentally ill and not competent to proceed." *Id*. at 7. The note included directions to, *inter alia*, "Hear voices – you hear people arguing trying to get you to do crazy shit like hurt people or say stupid shit," "PTSD – you are stressed, and afraid, and you feel like you are fighting everyone," "Skitzo – crazy, cool, funny, and when you get mad you get mad mad. You hear voices, you get upset for no reason, you wake up and sweats and all that," and "Play your role – got to play your role ('You don't understand nothing – have people explain it too [sic] you 3 to 5 times every time and always say I think I got it than [sic] do it again and say I forgot[']." *Id*. Dr. Szyhowski opined that Defendant's "overall presentation through the evaluation period was consistent with the items outlined for him on the list which was found in his property." *Id*. at 8.

2

Dr. Szyhowski concluded Defendant's "factual understanding of his current legal case does not appear to be impaired as a result of a severe mental illness." *Id*. at 9. He found Defendant "reported symptoms of psychosis" but there was "no reliable information to substantiate the authenticity of these symptoms." *Id*. at 12. Instead, Dr. Szyhowski stated Defendant's response style was "suggestive of an attempt to feign symptoms of psychosis, thus resulting in a diagnosis of malingering which does not require clinical intervention." *Id*. Dr. Szyhowski found Defendant's "competency related abilities do not appear to be compromised by a severe mental disease or defect at this time." *Id*. at 13.

On December 20, 2021, a competency hearing was scheduled to take place pursuant to 18 U.S.C. § 4247(d) for the purpose of determining Defendant's mental competency to stand trial. Doc. 40. Counsel for the Government, Mike Green, counsel for Defendant, Bill Raymond, and Defendant, all appeared in person. *Id*. Initially, counsel stipulated that the Court could consider Dr. Szyhowski's psychological report as if Dr. Szyhowski had appeared in person and testified under oath. *Id*. Defense counsel then requested a continuance of the competency hearing to allow him additional time to obtain and review records from the facility. *Id*. With no objection from the Government, the Court continued Defendant's competency hearing.[2] *Id*.

On May 9, 2022, the Court resumed its competency hearing. Docs. 46, 49. Counsel for the Government, Sean Foley, counsel for Defendant, Bill Raymond, and Defendant, all appeared in person. Doc. 49. at 2. Again, the parties stipulated to Dr. Szyhowski's psychological report. *Id*. at 2-4. Dr. Szyhowski was called for testimony and appeared via Zoom. *Id*. at 4-5. Dr. Szyhowski testified, under oath, that he reviewed the records from the Fulton State Hospital when

---

[2] The Court requested defense counsel to update the Court by no later than January 20, 2022. *See* Doc. 40. No update was provided. On January 28, 2022, chambers staff reached out to defense counsel who advised he had been "working diligently to obtain the necessary records" and requested "a little additional time to review those records."

Defendant was admitted after being found incompetent in a matter pending in Jackson County, Missouri. *Id*. at 9; *see also* Doc. 38 at 1. Dr. Szyhowski reiterated his consideration of Defendant's previous competency evaluations and diagnoses from medical providers. Doc. 49 at 10-24. He also reaffirmed his finding that Defendant did not have a mental health diagnosis affecting his competency as it relates to this matter. *Id*. at 23-24.

Based on the record before the Court, including the findings of Dr. Szyhowski in his report and his testimony, it is

RECOMMENDED that the District Court find Defendant is competent to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

Counsel are reminded they have fourteen days in which to file any objections to this Report and Recommendation. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation except on the grounds of plain error or manifest injustice.

DATE: May 27, 2022          */s/ W. Brian Gaddy*
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE